**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTINO O'BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00226-JSD |
| | ) | |
| EVOLUTIONS HOUSING STAFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Martino O'Bryant filed this civil action against a housing program and its employees, who placed him at an apartment from which he was eventually evicted. He alleges violations of his due process rights, the Fair Housing Act, and the Americans with Disabilities Act. ECF No. 1. On March 25, 2026, Plaintiff's other pending civil action, *O'Bryant v. Evolutions Housing Staff*, No. 4:26-cv-344 (E.D. Mo), was consolidated with this action because both involve the same parties and stem from the same nucleus of operative fact. ECF No. 3. On June 30, 2026, the Court granted Plaintiff *in forma pauperis* status and ordered him to file an amended complaint that contains all his consolidated pleadings in a single document. ECF No. 5. The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of his case without further notice. *Id.* at 1, 4. Plaintiff's response was due by July 30, 2026.

To date, Plaintiff has neither responded to the Court's Order nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, cautioned that his case would be dismissed if he failed to timely comply, and given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the

Court's June 30, 2026, Order and his failure to prosecute his case.[1] *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of August, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

[1] In addition, the Court notes that Plaintiff's original Complaint (ECF No. 1) is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). None of the named Defendants are state actors, meaning that Plaintiff's constitutional claims, presumably brought under 42 U.S.C. § 1983, fail to state a claim upon which relief may be granted. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). Furthermore, Plaintiff provides no factual support for claims brought under the Fair Housing Act or the Americans with Disabilities Act. Finally, the Complaint is frivolous as many of the assertions therein lack an arguable basis in either law or fact, and are "clearly baseless" under *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). *See* ECF No. 1 at 6, 13 (alleging defendants "played a part in trashing [Plaintiff's] blood pressure medicine," "hacked" his cell phone, and "harassed" him by "placing sound devices around the perimeter and inside [his] apartment.").